# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA et al., EX REL. SCARLETT LUTZ and KAYLA WEBSTER,<br><br>  Plaintiffs,<br><br>  v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>  Defendant. | C/A No.  9:14-cv-3699-RMG |

### PLAINTIFFS' MOTION TO COMPEL THE
### PRODUCTION OF DOCUMENTS FROM THIRD PARTY FLOYD CALHOUN DENT

Plaintiffs Scarlett Lutz and Kayla Webster, by and through their undersigned counsel, respectfully move the Court enforce their subpoena *duces tecum* to Floyd Calhoun ("Cal") Dent pursuant to Federal Rules of Civil Procedure 37 and 45.  Specifically, the Court should require Dent, within ten days of entry of its Order, to: (1) produce the documents his counsel has already reviewed for responsiveness to Plaintiffs' search terms and determined are non-privileged; and (2) produce the remainder of his documents for review by Dent's counsel on Plaintiffs' Relativity platform, pursuant to the terms described below.

Dent is refusing production of important documents not on any substantive grounds, but merely because of cost.  Because Dent is a third party, Relators have pursued every reasonable means to reduce the costs of compliance, including offering to host the documents for Dent's review, subject to rigorous safeguards to ensure Dent's counsel's exclusive access to the

1

documents. Because Dent is refusing to comply with Relators' reasonable proposal or provide any reasonable alternative, Court intervention is required.

## BACKGROUND

Dent was a principal of the now defunct BlueWave Healthcare Consultants, Inc. ("BlueWave"). Plaintiffs filed a *qui tam* action against Dent; his partner, Brad Johnson; Health Diagnostic Laboratories, Inc. ("HDL"); Latonya Mallory; Singulex, Inc.; Laboratory Corporation of America Holdings ("LabCorp"); and others in 2014. In the midst of the government investigation of these entities and individuals (the "Laboratory Investigation"), the case against LabCorp was severed from the claims against all other parties, including Dent. The claims against all defendants besides LabCorp were then litigated before this Court (9:14-cv-230) (the "BlueWave Litigation"). On January 31, 2018, a jury entered a verdict in the BlueWave Litigation against Dent, Johnson, and Mallory. Dkt. No. 870. On May 23, 2018, the Court entered judgment for more than $111 million against these individuals. Dkt. No. 910. Dent and his co-defendants have appealed from the judgment, and the matter is now before the U.S. Court of Appeals for the Fourth Circuit.

On November 7, 2019, Plaintiffs' counsel sent via email to Dent's counsel – the same firm that represented him in the BlueWave Litigation – a subpoena for documents directed to Dent. Roberts Decl., ¶ 4, Exh. 2 (email chain from November 7-23, 2019). The next day, Dent's counsel confirmed that he accepted service. *Id*. The subpoena seeks documents relevant to Plaintiffs' claims against LabCorp including:

- Dent's communications with LabCorp personnel;
- documents referring to LabCorp personnel;
- payments made to Dent by LabCorp or its alleged co-conspirators;

2

- payments made to LabCorp by Dent;
- documents relating to the medical practice for which Plaintiffs worked; and
- documents regarding key issues in this case, such as the legality of draw fees and phlebotomy services provided by LabCorp.

*Id.,* ¶ 3, Exh. 1 (subpoena). These documents are important to the case because they establish the depth of LabCorp's relationship with, and knowledge of activities concerning, their co-conspirators Dent and BlueWave. Dent did not then, or at any time, object to Plaintiffs' subpoena.

On November 20, 2019, Dent's counsel stated that all potentially responsive documents to the Subpoena had been produced in the BlueWave Litigation (Case No. 9:14-cv-230-RMG). *Id*. Dent's counsel further stated that the Dent's BlueWave Litigation production was stored on a Lexis Concordance platform; however, Dent's license to use the platform had expired, and he was not financially able to purchase a new license or pay for the hosting of the documents. *Id*. As noted above, Dent faces a $111 million judgment from the BlueWave Litigation. According to his counsel, while the case is on appeal, Dent must seek approval from the Court to release funds from his bank account.[1]

Dent's counsel then sought and received an initial estimate from a company to host the production. *Id.*, ¶ 9. Because the quoted price was reasonable, Dent's counsel believed that he could use the company's platform to begin reviewing and providing Plaintiffs with responsive documents. *Id*. The company processed a fraction – less than 10%, according to counsel – of Dent's documents, and then in late December, it quoted Dent's counsel a substantially higher price than the initial estimate to process the rest of the production. *Id*. Dent could not afford the updated estimate so his counsel discontinued the processing.

---

[1] If the U.S. Court of Appeals for the Fourth Circuit affirms the judgment, collection of documents from Dent is likely to become all the more difficult.

3

In early January 2020, in an effort to reduce the financial burden of complying with their subpoena, Plaintiffs proposed hosting Dent's documents on their Relativity platform at no cost to Dent or his counsel. *Id.*, Exh. 3 (email chain from January 8-29, 2020). Under the proposal, the parties would provide a list of agreed-on search terms, which an e-discovery technician would run across the documents. All documents that "hit" for a search term would be released to Dent so that his counsel could review them for privilege. Only after Dent's counsel determined that a document was non-privileged would it be released to Plaintiffs for review. *Id.*

Counsel for Plaintiffs and Dent then collaborated to draft a confidentiality and clawback agreement to provide an additional level of protection for Dent's documents. Plaintiffs also developed a list of 11 search terms focused on their allegations against LabCorp, which Dent's counsel agreed were acceptable. *Id.* But ultimately, Dent refused to accept Plaintiffs' proposal for a targeted no-cost search followed by counsel review for privilege because he did not trust Plaintiffs, who had initiated the BlueWave Litigation by filing their *qui tam* complaint against Dent and his company. *Id.*, ¶ 10.

Instead, Dent's counsel agreed to run those search terms against the documents that had been processed and then to review those documents for privilege. *Id.*, Exh. 3. The parties then continued to negotiate a resolution to permit the review and production of the remaining documents. As part of that process, Dent's counsel went back to the document-hosting company with which he had negotiated in December to see if he could get a better price.

On February 13, 2020, Dent's counsel informed Plaintiffs' counsel that it would cost approximately $25,000 to process the remaining documents, an amount Dent was unable to pay. *Id.*, Exh. 4 (email chain from February 13 to April 6, 2020). Plaintiffs were unwilling to pay that amount, given the availability of their Relativity platform. On February 18, 2020, with no other

4

solutions apparent, Plaintiffs renewed their offer to host Dent's documents on Relativity at no cost to Dent. *Id.* He again rejected Plaintiffs' offer because they were adverse to him in the BlueWave Litigation. *Id.*, ¶ 10.

Around the same time that they had subpoenaed Dent, Plaintiffs also served a subpoena and *Touhy* requests on the government for relevant documents. *Id.*, ¶ 11. In March 2020, the government made a production in response to the subpoena, which included documents that it had procured from Dent, pursuant to a Civil Investigative Demand ("CID"), during the Laboratory Investigation. *Id.* To ensure that they were not unnecessarily burdening Dent, Plaintiffs volunteered to review the government's production to determine whether it included the documents that they sought from Dent. *Id.*, ¶ 12. Thus, Plaintiffs ascertained the volume of documents that came from Dent's CID response and the Bates number that Dent had used to mark those documents. *Id.*

On April 2, 2020, Dent's counsel confirmed that Dent's production in the BlueWave Litigation was much larger and bore a different Bates prefix than the Dent-related documents contained in the government's production. *Id.*, Exh. 5 (letter dated April 6, 2020), ¶ 12. Accordingly, Plaintiffs' counsel informed Dent's counsel that Plaintiffs could not excuse him from complying with the subpoena based on the government's production, which did not include many responsive documents for which Dent appears to be the only source. *Id.*, ¶ 12. Plaintiffs' counsel asked one final time whether Dent would agree to their proposal, with all of its protections, for hosting the documents on Relativity. Dent again declined because Plaintiffs had sued him. *Id.*

Dent's counsel also informed Plaintiffs' counsel that he had completed his privilege review on the portion of the production that had already been processed, and that there were responsive, non-privileged documents ready for production. *Id.*

On April 6, 2020, Plaintiffs' counsel informed Dent's counsel that they were at an impasse, and that Plaintiffs would need to file a motion to compel. *Id.*, Exh. 5. That same day, Dent's counsel responded, agreeing that a resolution was not possible without Court intervention. *Id.*, Exh. 6 (email dated April 6, 2020). Dent has yet to produce any responsive documents.

Because Plaintiffs and Dent exhausted their good-faith efforts to resolve their discovery dispute on April 6, 2020, Plaintiffs have until April 27, 2020, to move to compel Dent's compliance with their subpoena under District of South Carolina Local Rule 37.01.

## ARGUMENT

Where a nonparty subject to a subpoena under Federal Rule of Civil Procedure 45 fails to comply, the Court may compel him to do so. Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45 (serving party may "move the court for the district where compliance is required for an order compelling production or inspection").

"District courts are allowed broad discretion in resolving discovery disputes." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Here, Plaintiffs seek an order requiring Dent to: (1) produce the documents he has already determined are responsive to Plaintiffs' search terms and not privileged; and (2) produce the remainder of the documents for hosting on Plaintiffs' Relativity platform for review by Dent's counsel according to the terms proposed by Plaintiffs in January 2020.

### I. DENT MUST PRODUCE THE DOCUMENTS THAT COUNSEL HAS DETERMINED TO BE RESPONSIVE AND NON-PRIVILEGED WITHOUT FURTHER DELAY.

As noted above, a small portion of the documents in Dent's possession, custody, or control have been: (1) processed by a third-party vendor, (2) run against the search terms to which Plaintiffs and Dent agreed, and (3) reviewed for privilege by Dent's counsel. The non-privileged

6

documents among that set can be produced without further review or additional cost incurred, and there is no valid reason for Dent not to do so. They should be produced within 10 days of the Court's order.

## II. DENT MUST PRODUCE THE REMAINDER OF HIS DOCUMENTS FOR HOSTING AND REVIEW ON PLAINTIFFS' RELATIVITY PLATFORM.

"[T]he scope of discovery for a nonparty litigant under a subpoena duces tecum [is] the same as the scope of a discovery request made upon a party to the action," and "a party is entitled to information that is relevant to a claim or defense in the matter" at issue. *Smith v. United Salt Corp.*, 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009). The issuing party need only "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

There is no dispute that Plaintiffs are entitled to the documents they seek. Dent is the only source for these documents, and he has not objected to the subpoena on grounds of relevance, burden, or otherwise. Fed. R. Civ. P. 45(d)(2)(B). Moreover, his counsel has represented that all documents responsive to the subpoena in his possession, custody, or control were produced to the government during the BlueWave Litigation. To assist Dent in isolating the documents responsive to their subpoena, among the hundreds of thousands he produced in that case, Plaintiffs selected LabCorp-specific search terms that Dent's counsel agreed to run.[2]

Plaintiffs have done everything possible to minimize the cost and burden associated with Dent's subpoena compliance. Understanding that the $111 million judgment imposed against Dent has impacted his access to funds, Plaintiffs have offered to host his documents on their Relativity platform at no cost to him. An e-discovery technician would run search terms (to which Plaintiffs

---

[2] Indeed, he has already run these terms against a fraction of Dent's production and has identified non-privileged documents that could be provided to Plaintiffs immediately.

7

and Dent already have agreed) across the documents, and the documents that "hit" for responsive terms would be batched for Dent's counsel to conduct a privilege review. During this process, *Plaintiffs and their counsel would not have access to Dent's documents*. Only after Dent's counsel designated a document as responsive and non-privileged would it be released to Plaintiffs. Finally, Plaintiffs have agreed to a clawback agreement, which would prevent Dent against the inadvertent disclosure of privileged documents.

This proposal goes far beyond a "reasonable step" to minimize Dent's burden and expense associated with compliance with Plaintiffs' subpoena. Moreover, Dent's reason for not agreeing to the proposal – his apparent animus towards and mistrust of Plaintiffs based solely on the fact that they sued him – cannot excuse him from reasonably complying with the subpoena. The Court should require Dent to produce his documents according to Plaintiffs' proposed terms.

## CONCLUSION

For the foregoing reasons, the Court should require Dent, within ten days of entry of its Order, to: (1) produce the documents he has already reviewed for responsiveness to Plaintiffs' search terms and determined are non-privileged; and (2) produce the remainder of his documents for review by Dent's counsel on Plaintiffs' Relativity platform according to the terms proposed herein.

Dated: April 27, 2020         */s/ Stacie C. Knight*

Stacie C. Knight
(S.C. Bar No. 77968 & D.C. No. 10411)
**WINSTON & STRAWN LLP**
300 South Tyron Street, 16th Floor
Charlotte, North Carolina 28202
(704) 350-7700
(704) 350-7800 (fax)
sknight@winston.com

8

Thomas M. Melsheimer (Admitted *Pro Hac Vice*)
Chad B. Walker (Admitted *Pro Hac Vice*)
Katrina G. Eash (Admitted *Pro Hac Vice*)
John Michael Gaddis (Admitted *Pro Hac Vice*)
Bradley D. Ryynanen (Admitted *Pro Hac Vice*)
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)
tmelsheimer@winston.com
cbwalker@winston.com
keash@winston.com
mgaddis@winston.com
bryynanen@winston.com

Marc S. Raspanti (*Admitted Pro Hac Vice*)
Pamela Coyle Brecht (*Admitted Pro Hac Vice*)
Douglas E. Roberts (*Admitted Pro Hac Vice*)
**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200
Facsimile: (215) 754-5191
MSR@Pietragallo.com
PCB@Pietragallo.com
DER@Pietragallo.com

*Attorneys for Plaintiffs Scarlett Lutz and Kayla Webster*

5189903v6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically and will be served on all counsel of record via CM/ECF on April 27, 2020. Further, a copy has been served by U.S. mail and email upon:

>Christopher M. Kovach, Esquire
>Barnwell Whaley Patterson & Helms, LLC
>288 Meeting Street
>Charleston, SC 29401
>ckovach@barnwell-whaley.com
>
>*Counsel for Floyd Calhoun Dent*

*/s/ Stacie C. Knight*
Stacie C. Knight

1