

**James Lynn Werner**
*Partner*
t: 803.253.8913
f: 803.255.8017
jimwerner@parkerpoe.com

Atlanta, GA
Charleston, SC
Charlotte, NC
Columbia, SC
Greenville, SC
Raleigh, NC
Spartanburg, SC
Washington, DC

April 29, 2020

The Honorable Richard M. Gergel
United States District Judge
District of South Carolina
P.O. Box 835
Charleston, SC 29402

Re:   No. 9:14-cv-3699-RMG, *United States ex rel. Lutz v. Laboratory Corporation of America Holdings*

Dear Judge Gergel:

Pursuant to Local Civil Rule 16.02 and Federal Rule of Civil Procedure 16(a), Defendant Laboratory Corporation of America Holdings ("LabCorp") requests a conference with the Court to address certain scheduling, case management, and discovery issues in case No. 9:14-cv-3699-RMG, *United States ex rel. Lutz v. Laboratory Corporation of America Holdings*. In this highly complex case, LabCorp submits that a conference with the Court at this point will help the parties and the case proceed, and will likely avoid unnecessary and costly motion practice.

**Background**

This Court entered the Amended Conference and Scheduling Order on January 27, 2020. (*See* ECF No. 106.) Since that time, the United States has been faced with a health crisis caused by the Coronavirus ("COVID-19"). Indeed, as the Court recently recognized, South Carolina, like other states, is in the midst of a public health emergency.

LabCorp has been at the forefront of efforts to address the diagnosis and testing for patients.[1] In addition to the challenges created by large-scale remote work policies and Stay at Home orders around the country, LabCorp has dedicated a substantial number of its employees

---

[1] Remarks by President Trump, Vice President Pence, and Members of the Coronavirus Task Force in Press Conference (Mar. 13, 2020), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-vice-president-pence-members-coronavirus-task-force-press-conference-3/ (last visited April 26, 2020).

PPAB 5584632v1.docx

April 29, 2020
Page 2

and other resources to dealing with COVID-19 testing and related projects that are designed to combat the proliferation of the virus. One result of LabCorp's response to unprecedented demand for testing is that numerous employees have been committed to COVID-19 projects and have been inaccessible for purposes of non-routine matters such as responding to discovery. As a consequence, it has become increasingly difficult for LabCorp and its counsel to continue responding to requests for information or documents in this action or to make witnesses available for depositions.

At the same time, the parties have met and conferred several times regarding various discovery and scheduling matters and have been unable to reach agreement on certain issues, both now and looking forward in this complex case. For example, the parties disagree on whether depositions may be noticed to occur in locations where stay-at-home orders remain in place. LabCorp requests that the conference address, at a minimum, the following issues, some of which, based on the parties' recent communications, will likely result in unnecessary motion practice that LabCorp believes can be avoided through a conference with the Court.

**Depositions**

1.  Scheduling of in-person depositions

    a.  The current Scheduling Order provides that approximately 40 depositions are expected in this case. While the parties have discussed various depositions, Relators have proceeded with noticing several depositions to occur in locations where Stay-at-Home orders remain currently pending.

    b.  In light of public health restrictions, LabCorp proposes that depositions may be held only 15 days after all applicable Stay at Home orders or other restrictions put in place by national, state, or local jurisdictions have been lifted.

    c.  LabCorp has noticed the depositions of Relators. Per the parties' discussions, those depositions will not be scheduled until Relators have completed their document production.

    d.  Relators have noticed or scheduled the following depositions:
        i.  Dr. Rex Butler – Relators noticed for May 21, 2020 in Montgomery, AL.[2]

---

[2] On April 3, 2020, Alabama Governor Kay Ivey issued a Stay at Home Order ("Alabama Order") to be applied statewide. The Alabama Order was effective April 4, 2020 and will expire on April 30, 2020. The Alabama Order directs "every person . . . to stay at his or her place of residence except as necessary to perform any . . . 'essential activities,'" which is defined to include "legal services" but not the taking of depositions. On April 28, 2020, Governor Ivey announced that Alabama would begin reopening its economy and follow a Safe at Home Order, allowing certain non-essential businesses to open if they adhere to stringent sanitation and social distancing measures.

April 29, 2020
Page 3

        ii.    Latonya Mallory – Relators scheduled for June 2, 2020 in Richmond, VA.[3]

        iii.    Douglas Sbertoli – Relators scheduled for June 3, 2020 in Richmond, VA.

        iv.    Robert Fraiman – Relators noticed for June 10, 2020 in New York, NY.[4]

        v.    Todd Rudenske – Relators noticed for June 11, 2020 in New York, NY.

        vi.    Jonathan Pritti – Relators noticed for June 12, 2020 in New York, NY.

        vii.    Frank Dookie – Relators notice for June 15, 2020 in Philadelphia, PA.[5]

2. <u>Allocation of examination time for third party witnesses</u>

    a.    LabCorp proposes that the parties divide examination time evenly. If needed, the noticing party may extend the deposition by an additional 1.5 hours (for a total of 5 hours total examination time for the party that provided the original notice of deposition).

3. <u>Limitation of attorneys present</u>

---

[3] On March 30, 2020, Virginia Governor Ralph Northam issued a Stay at Home Order ("Virginia Order") to be applied statewide. The Virginia Order was effective immediately and was ordered to remain in place until June 10, 2020.

[4] Governor Andrew Cuomo announced the "New York State on PAUSE" executive order ("New York Order"), which was effective on March 22, 2020. The New York Order cancels all "non-essential gatherings of individuals of any size or any reason" and states that "businesses and entities that provide . . . essential services must implement rules that help facilitate social distancing of at least six feet." Violations of the state's social distancing protocol are punishable by a fine of up to $1000. Governor Cuomo announced on April 16, 2020 that the New York Order would be extended until at least May 15, 2020 to avoid reigniting the spread of SARS-CoV-2.

[5] On March 23, 2020, and amended on March 24, March 25, March 27, March 28, March 30, and March 31, 2020, Pennsylvania Governor Tom Wolf issued Stay at Home Orders limited to specified counties. On April 1, 2020, Governor Wolf issued a Stay At Home Order ("Pennsylvania Order") to be applied statewide directing all persons in Pennsylvania to "stay at home except as needed to access, support, or provide life-sustaining business, emergency, or government services." The Pennsylvania Order was effective April 1, 2020 and was set to expire on April 30, 2020. On April 20, 2020, Governor Wolf announced that the Pennsylvania Order would be extended until at least May 8, 2020.

      a.    A degree of social distancing will likely remain in place after relevant Stay at Home Orders are partially or fully lifted. LabCorp proposes that no more than 2 attorneys may be present for each side.

4. <u>Deposition exhibits</u>

      a.    LabCorp proposes that deposition exhibits be numbered sequentially according to the party who noticed the deposition. (e.g., "Relators Ex. 1").

**Written Discovery**

1. <u>Scope of LabCorp's document production obligations</u>

      a.    As the Court is aware, LabCorp previously cooperated with the government during its investigation, and the government chose to decline to intervene in this case (unlike its decision to move forward with its claims against the defendants in the Bluewave matter).

      b.    In response to Relators' document requests here, LabCorp has produced over 460,000 pages of non-privileged documents that it previously produced to the government. Relators' requests are virtually identical to the government's Civil Investigative Demand that led to LabCorp's production originally.

      c.    LabCorp has also produced the list of custodians and search terms that it used to compile the documents it previously produced to the government. On April 27, 2020, LabCorp produced to Relators non-privileged communications with the government outlining in detail the parameters of the previous productions and copies of the government's subpoenas.

      d.    Further, LabCorp offered to meet and confer regarding any specific additional document requests that Relators may have.

      e.    Relators maintain that LabCorp must engage in an entirely new collection, review, and production.

2. <u>LabCorp's initial disclosures</u>

      a.    LabCorp served its initial disclosures on November 21, 2019. The initial disclosures listed individuals LabCorp "may use to support its claims or defenses."

      b.    Relators assert that LabCorp must update its Rule 26 initial disclosures to include individuals that Relators named in the Fourth Amended Complaint or that have come to light during discovery.

      c.    LabCorp disagrees and advised that, if and when LabCorp identifies undisclosed individuals that *it* "may use to support its claims or defenses," it will supplement its initial disclosures, as appropriate.

April 29, 2020
Page 5

      For the reasons identified above, LabCorp believes that a Scheduling Conference would assist the parties in continuing to appropriately and efficiently advance discovery in this complex case. Further, a Scheduling Conference would enable the parties to seek guidance on other related issues and avoid unnecessary motion practice. LabCorp has attached a proposed case management order as Exhibit A and respectfully requests that the Court order the parties to appear for a Scheduling Conference to address all of the issues raised above.

                                                Respectfully submitted,

                                                /s/ James Lynn Werner

                                                James Lynn Werner, Fed. Bar. No 1079

JLW/sre

April 29, 2020
Page 6

cc: All Counsel of Record listed below:

Chad B. Walker
Katrina G. Eash
John Michael Gaddis
Thomas M. Melsheimer
Brad D. Ryynanen
Winston and Strawn LLP (Dal)
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6500
cbwalker@winston.com
keach@winston.com
mgaddis@winston.com
tmelsheimer@winston.com
bryynanen@winston.com  *Plaintiff, Kayla Webster and Plaintiff Scarlett Lutz*

Stacie C. Knight
Winston and Strawn (Clt)
100 North Tryon Street
29th Floor
Charlotte, NC 28202
704-350-7700
sknight@winston.com

Robert Adams Blake, Jr.
James F. Wyatt, III
Wyatt and Blake
435 East Morehead Street
Charlotte, NC 28202
704-331-0767
jwyatt@wyattlaw.net
rblake@wyattlaw.net  *Plaintiff, Kayla Webster and Plaintiff Scarlett Lutz*

Douglas Edward Roberts
Pamela Coyle Brecht
Michael A. Morse
Marc S. Raspanti
Pietragallo Gordon Alfano Bosick and Raspanti LLP
1818 Market Street
Suite 3402
Philadelphia, PA 19103
215-988-1444
der@pietragallo.com
pcb@pietragallo.com
mam@pietragallo.com
msr@pietragallo.com  *Plaintiff, Kayla Webster and Scarlett Lutz*

April 29, 2020
Page 7

Jennifer J. Aldrich
Tina Marie Cundari
James C. Leventis, Jr.
US Attorney's Office (Cola)
1441 Main Street
Suite 500
Columbia, SC 29201
803-929-3000
jennifer.aldrich@usdoj.gov
tina.cundari@usdoj.gov
james.leventis@usdoj.gov  *Plaintiff, United States of America*


Stephen Glenn Sozio
Casteel Elizabeth Borsay
B Kurt Copper
Benjamin Becker Menker
Jones Day
325 John H McConnell Boulevard
Suite 600
Columbus, OH 43215
614-469-3939
sgsozio@jonesday.com
cborsay@jonesday.com
bkcopper@jonesday.com
bmenker@jonesday.com  *Defendant, Laboratory Corporation of America Holdings*

Jonathan David Guynn
Jones Day
2727 N. Haywood Street
Dallas, TX 75201-1515
214-969-3793
jguynn@jonesday.com

Heather Marie O'Shea
Elizabeth Jenkins Marino
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
312-782-3939
hoshea@jonesday.com
ejmarino@jonesday.com  *Defendant, Laboratory Corporation of American Holdings*

Rajeev Muttreja
Jones Day
250 Veasey Street
New York, NY 10281-1047
212-326-3939
rmuttreja@jonesday.com


Richard S. Glaser
Parker Poe Adams and Bernstein LLP
401 S Tryon Street
Suite 3000
Charlotte, NC 28202
704-335-9531
rickglaser@parkerpoe.com *Defendant, Laboratory Corporation of America Holdings*