

North America   Europe   Asia

2121 N. Pearl Street
Suite 900
Dallas, TX 75201
T +1 214 453 6500
F +1 214 453 6400

**THOMAS M. MELSHEIMER**
Managing Partner
214.453.6401
TMelsheimer@winston.com

April 30, 2020

The Honorable Richard M. Gergel
United States District Judge
District of South Carolina
P.O. Box 835
Charleston, SC 29402

**Re:**   No. 9:14-cv-3699-RMG, *United States ex rel. Lutz v. Laboratory Corporation of America Holdings*

Dear Judge Gergel:

Plaintiffs/Relators write to respond to LabCorp's April 29, 2020 letter, which requests a conference with the Court on various discovery issues. In Plaintiffs' view, none of the issues LabCorp raises are ripe for the Court's resolution, so a scheduling conference is premature. Furthermore, LabCorp's request violates Local Rule 7.02, which requires a party seeking relief from the Court to confer with opposing counsel in good faith to attempt to resolve the matter without Court intervention. LabCorp made no such attempt and instead filed its letter without notice and to Plaintiffs' surprise. LabCorp seeks relief on matters the Parties have never discussed and mischaracterizes Plaintiffs' positions on the issues they have discussed. Even worse, LabCorp shamelessly suggests Plaintiffs are somehow endangering public health by attempting to proceed with discovery in compliance with this Court's Amended Scheduling Order. This conduct is inconsistent with our obligations to the Court and the profession. As they have done since the outset of the public health crisis, Plaintiffs will make reasonable accommodations for LabCorp and third parties and will conduct depositions in compliance with all applicable public health directives. But discovery in this case has not been and cannot be suspended for the duration of the pandemic.[1]

**I.    Procedural Background**

LabCorp's letter to the Court fails to provide important procedural context surrounding the Parties' outstanding discovery disputes and discussions regarding the effect of the COVID-19 pandemic on discovery. Over the past several months, the Parties have been involved in meet-and-confer discussions regarding the following five key discovery issues: (1) LabCorp's deficient responses to Plaintiffs' First Requests for Production; (2) LabCorp's failure to produce its correspondence with the Government related to its prior production; (3) LabCorp's deficient responses to Plaintiffs' email discovery requests pursuant to the agreed ESI Protocol; (4) LabCorp's deficient privilege logs; and (5) LabCorp's deficient Rule 26(a) initial disclosures. Because Plaintiffs believed the Parties were nearing an impasse on these issues, they

---

[1] *See* April 14, 2020 U.S. Dist. Ct. S.C. Amended Standing Order Misc. No. 3:20-mc-139 ("Existing deadlines in civil cases, whether set by the court or by the Federal Rules of Civil Procedure or Local Rules, are not further extended by this order.") (Harwell, C.J.).



sent LabCorp a letter on April 1, 2020 (Attachment 1), indicating that they intended to move to compel if LabCorp did not agree to cure the remaining deficiencies.

In response, LabCorp sent a letter (Attachment 2) requesting that Plaintiffs agree to suspend discovery in its entirety given LabCorp's role in responding to the COVID-19 pandemic. Plaintiffs requested to discuss ways to move forward with aspects of discovery that would not disrupt LabCorp's response efforts and provided examples of several issues that should not cause any such disruption (Attachment 3). The Parties met and conferred in good faith about the issue over the next few weeks and reached several agreements regarding the conduct of discovery in light of COVID-19.

The Parties agreed that they should advise the Court of their COVID-19-related scheduling agreements. Plaintiffs were in the process of drafting what they believed would be a joint letter for LabCorp's review and approval when LabCorp unexpectedly filed its April 29 letter. That letter misstates Plaintiffs' positions on several issues and raises many issues that the Parties have never even discussed.

During the meet-and-confer process, the Parties discussed the numerous outstanding discovery issues that Plaintiffs raised in their April 1 letter, including the following:

- **LabCorp's Deficient Responses to Plaintiffs' Requests for Production:** As they had done many times in the preceding months, Plaintiffs requested that LabCorp amend its responses to Plaintiffs' Requests for Production to comply with the requirements of Federal Rule of Civil Procedure 34. For almost every one of Plaintiffs' 83 Requests, LabCorp had merely responded with some variation of the following:

> LabCorp incorporates by reference each of its Limitations and Objections that Apply to Each Request as though fully set forth herein. LabCorp further incorporates by reference its response to Request No. 1. (Attachment 4.)

LabCorp's response to Request No. 1 recited boilerplate objections and explained that LabCorp would reproduce the documents it had already produced during the Government's investigation. LabCorp's formulaic and improper responses to Plaintiffs' Requests for Production did not allow Plaintiffs to assess (1) the extent to which LabCorp was willing to produce relevant, non-privileged documents responsive to Plaintiffs' Requests, and, if so, (2) the extent to which LabCorp believed it had already produced all responsive, non-privileged documents within its possession. As such, Plaintiffs simply requested that LabCorp amend its responses to Plaintiffs' Requests for Production so that Plaintiffs could determine the extent to which the Parties have disputes regarding the scope of LabCorp's production. When Plaintiffs review those amended responses, they will determine whether additional productions are needed and will then confer with LabCorp as to a reasonable time frame for completing any such productions.

- **LabCorp's Failure to Produce Correspondence with the Government:** Furthermore, Plaintiffs asked for documents and communications related to LabCorp's negotiations with the Government regarding the parameters of LabCorp's prior production to the Government during the Government's investigation, including search terms, date ranges, and any other parameters used to narrow LabCorp's prior production.



- **LabCorp's Deficient Responses to Plaintiffs' Email Discovery Requests**: Plaintiffs requested that LabCorp provide good-faith responses to their email discovery interrogatories served pursuant to the agreed ESI Protocol, which permits "up to 5 written discovery requests . . . per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests." ECF No. 97. Although Plaintiffs provided proposed lists of custodians for several of their discovery requests, LabCorp declined to confirm the accuracy of Plaintiffs' lists and failed to identify any relevant custodians for Plaintiffs' other requests.

- **LabCorp's Deficient Privilege Logs:** Plaintiffs also requested that LabCorp amend its privilege logs to address several legal deficiencies that Plaintiffs had identified, including that the logs appear to include attorney-client communications that (1) were not for the purpose of providing legal advice; (2) were shared with third parties that did not fit within the narrow exceptions to the waiver rule; and (3) were disclosed to non-lawyer employees to whom disclosure was not necessary.

- **LabCorp's Deficient Rule 26(a) Disclosures**: Finally, Plaintiffs requested that LabCorp amend its scant Rule 26(a) disclosures to identify all individuals likely to have discoverable information about the case.

After several weeks of exchanging correspondence, on April 21, 2020, Plaintiffs thanked LabCorp for working through the meet-and-confer process to narrow the issues needing Court intervention, and expressed their intent to promptly move to compel on the above issues, as the Parties had reached an impasse (Attachment 5). The following day, LabCorp agreed to (1) amend its responses to Plaintiffs' Requests for Production, (2) produce its communications with the Government, and (3) conduct a global review of its privilege logs based on the issues Plaintiffs identified (Attachment 5). LabCorp did not agree to amend its initial disclosures. However, Plaintiffs advised LabCorp that they were willing to review LabCorp's supplemental responses on the other discovery issues before deciding whether a motion to compel with respect to the disclosures was necessary.[2] As a result, in Plaintiffs' view, the Parties no longer had any discovery disputes that were ripe for the Court's review. The Parties would need only to inform the Court of the agreements they had reached to accommodate LabCorp's COVID-19 concerns—precisely the letter that Plaintiffs' counsel was drafting.

But to Plaintiffs' surprise, LabCorp instead filed its own letter with the Court on April 29, requesting a conference on various discovery issues, without providing notice to Plaintiffs, and before having raised many of those issues with Plaintiffs. Because Plaintiffs have at all times expressed their willingness to work with LabCorp regarding COVID-19-related discovery issues, and because no discovery issue is ripe for Court intervention at this time, there is no need for a conference.

---

[2] The Parties also remain in negotiations regarding appropriate responses to Plaintiffs' email discovery requests. LabCorp has acknowledged that these responses are tied to its RFP responses, which it already has agreed to amend.



## II. Depositions

LabCorp's suggestion that Plaintiffs are scheduling depositions in violation of stay-at-home orders is simply false. Plaintiffs have already assured LabCorp that they will comply with all such orders. Plaintiffs have also attempted to accommodate LabCorp since it first raised issues concerning the COVID-19 crisis. Specifically, Plaintiffs agreed:

1. Not to issue additional third-party subpoenas to current or former LabCorp employees until after May 8, 2020. On or before May 8, the Parties will meet and confer regarding whether it is appropriate for Plaintiffs to begin issuing such subpoenas again.

2. Not to schedule depositions of current or former LabCorp employees to be held before June 1, 2020. Plaintiffs further agreed to meet and confer with LabCorp on or before May 8 to assess whether the June 1 date should be delayed.

(Attachments 5 and 6.)

However, given the deadlines in the Court's Amended Scheduling Order, Plaintiffs declined to delay the scheduling of depositions for non-LabCorp third parties. LabCorp complains that Plaintiffs have noticed depositions for dates and locations where a COVID-19 stay-at-home order remains in effect. As Plaintiffs explained in their email to LabCorp on April 21 (Attachment 5), they will abide by all local COVID-19 guidelines in scheduling and conducting depositions. Plaintiffs further advised LabCorp that at this point, only two third-party witnesses have agreed to depositions on the offered dates: Tonya Mallory on June 2, and Doug Sbertoli on June 3. If these depositions proceed as scheduled in a location where a stay-at-home order remains in effect, Plaintiffs will ensure that they comply with all COVID-19 rules and regulations. If the depositions cannot be held on these dates, Plaintiffs will reschedule them.

As Plaintiffs also advised LabCorp in their April 21 email, they will reasonably accommodate any legitimate scheduling concerns for all Parties, third parties, and counsel when scheduling future depositions. Beyond generalized concerns related to stay-at-home orders, which Plaintiffs have assured LabCorp that they will follow, LabCorp has not articulated any reason that it needs relief with respect to the depositions listed in its April 29 letter, nor has it explained why the accommodations described above are not reasonable. To the extent that LabCorp has additional legitimate concerns regarding the scheduling of depositions, Plaintiffs are willing to work to address them.

LabCorp also raises other issues related to depositions—specifically, the allocation of examination time, limitations on the number of attorneys who may be present, and the numbering of exhibits. **LabCorp has never discussed any of these issues with Plaintiffs.** Plaintiffs are more than willing to meet and confer with LabCorp regarding these matters, but, because LabCorp has not even attempted to resolve them with Plaintiffs, the issues are not ripe for the Court's resolution. *See* Local Civ. R. 7.02.



### III. Written Discovery

LabCorp brings two additional discovery issues to the Court's attention: (1) LabCorp's responses to Plaintiffs' Requests for Production; and (2) LabCorp's initial disclosures. As explained above, neither of these issues requires the Court's resolution at this time.

As to its responses to Plaintiffs' Requests for Production, LabCorp insists that Plaintiffs have asked LabCorp to engage in an entirely new document review and production, despite the fact that it already produced documents during the Government's investigation. As Plaintiffs have repeatedly explained to LabCorp, this is not what they requested. Instead, Plaintiffs asked LabCorp to amend its responses to Plaintiffs' Requests for Production to specify: (1) which of Plaintiffs' Requests LabCorp believes it has responded to fully, and (2) which of Plaintiffs' Requests it has declined to answer based on privilege or other objections. Without this information, it is impossible for Plaintiffs to accurately assess whether LabCorp has complied with its discovery obligations.

LabCorp is well aware that Plaintiffs only requested amended responses to their Requests for Production—indeed, LabCorp agreed to provide these amended responses and in fact did provide them to Plaintiffs shortly before the filing of this letter. Once Plaintiffs have reviewed the responses, they will be able to determine the extent to which supplemental document production is needed and, if necessary, will submit any unresolved issues to the Court at the appropriate time.[3] LabCorp's attempt to seek the Court's intervention on this issue is premature.

Turning to LabCorp's initial disclosures, Plaintiffs have agreed to table that issue until they have reviewed LabCorp's supplemental responses to their Requests for Production and amended privilege logs. Once Plaintiffs have reviewed LabCorp's supplemental responses to their Requests for Production, and once LabCorp has provided amended privilege logs, Plaintiffs will assess whether a motion to compel with respect to LabCorp's initial disclosures and other discovery responses is necessary. As a result, none of these issues are ripe for the Court's review at this time.

\* \* \*

For the reasons explained, there are no outstanding discovery disputes for the Court to address at this time. LabCorp filed its letter solely to provide the Court with a misleading narrative related to the Parties' discovery discussions and to advance its unreasonable position that discovery should be suspended indefinitely in light of COVID-19. Given the Court's Amended Scheduling Order in this case—and the Amended Standing Order regarding the COVID-19 crisis, which declined to further extend deadlines in civil cases—the Court should deny LabCorp's request and permit discovery to continue, subject to the

---

[3] Even absent the information that LabCorp's amended responses to Plaintiffs' Requests for Production will provide, Plaintiffs have identified numerous deficiencies in LabCorp's production to the Government that they have asked LabCorp to agree to cure on several occasions. LabCorp has ignored these deficiencies, instead continuing to suggest that Plaintiffs propose "specific additional document requests." Plaintiffs have already done so repeatedly.



April 30, 2020<br>Page 6

reasonable limitations the Parties have already negotiated. Should the Court need to hear from Plaintiffs further on this issue, Plaintiffs' counsel will be available.

Respectfully submitted,

*/s/ Thomas M. Melsheimer*
Thomas M. Melsheimer (admitted *pro hac vice*)

*/s/ Stacie C. Knight*
Stacie C. Knight (S.C. Bar No. 77968 & D.C. No. 10411)

cc: Counsel of Record