IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA et al., EX REL. SCARLETT LUTZ and KAYLA WEBSTER,<br><br>    Plaintiffs/Relators,<br><br>    v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>    Defendant. | C/A No.  9:14-cv-3699-RMG |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY METROLINA MEDICAL ASSOCIATES, PA**

Plaintiffs-Relators Scarlett Lutz and Kayla Webster ("Plaintiffs"), by and through their undersigned counsel, respectfully move the Court to enforce their subpoena *duces tecum* to Metrolina Medical Associates, PA ("Metrolina") pursuant to Federal Rules of Civil Procedure 34(c) and 45(d)(2)(b)(i). Plaintiffs have reason to believe that Metrolina physician Dr. Rajesh Kedar ("Dr. Kedar") was the recipient of illegal kickbacks for claims that Defendant Laboratory Corporation of America Holdings ("LabCorp") caused to be submitted to federal payers, and Metrolina does not dispute that it has responsive documents. Metrolina refuses, however, to comply with Plaintiffs' subpoena unless Plaintiffs first pay $3,000 in anticipated legal fees. To minimize any burden or expense, Plaintiffs have proposed that Metrolina first produce a set of documents that have *already been produced* to the Government, as requested in Request No. 1 of the subpoena. After reviewing those documents, Plaintiffs would then discuss with Metrolina whether a search for additional documents was necessary, and a reasonable scope for additional

1

search efforts, if any. In numerous oral and written communications, Metrolina, through its counsel, has not explained why re-producing to Plaintiffs a copy of a prior production to the Government is unreasonably burdensome, why those costs should be shifted to Plaintiffs, why they should be paid in advance, or why they require $3,000 in legal fees: nearly 8 hours of work at its counsel's hourly rate. Given that Plaintiffs are working to reasonably limit the burden on Metrolina as a third party, the Court should order that Metrolina must (1) produce to Plaintiffs the documents it previously produced to the Government, and (2) after Plaintiffs have reviewed the initial production, work with Plaintiffs in good faith to determine whether and to what extent additional search and production efforts are reasonably needed to comply with the subpoena.

## I.     BACKGROUND

In this *qui tam* action, Plaintiffs allege that LabCorp violated the False Claims Act and Anti-Kickback Statute by drawing blood for lab tests tainted by kickbacks to physicians like Dr. Kedar. (*See* ECF No. 50, Plaintiffs' 4th Am. Compl.) On March 9, 2020, Plaintiffs served a subpoena on Dr. Kedar, requesting that he produce certain documents relevant to Plaintiffs' claims against Defendant LabCorp by March 27, 2020. (*See* Ex. A, Declaration of Bradley D. Ryynanen ("Ryynanen Decl.") ¶ 3 & Ex. A-1, Plaintiffs' Subpoena to Dr. Kedar ("Kedar Subpoena").)

In early April 2020, after Dr. Kedar's initial response deadline passed, Plaintiffs' counsel called Dr. Kedar, confirmed that Dr. Kedar was not then represented by counsel, and explained the purpose of the subpoena. Ryynanen Decl. ¶ 7. Dr. Kedar confirmed that he produced documents to the Government in response to a civil investigative demand or a subpoena. (*Id.*) Plaintiffs' counsel proposed that, to minimize the burden of responding to the subpoena, Dr. Kedar produce a copy of the documents he had already produced to the Government and that Plaintiffs review

those documents to determine whether such production would fully satisfy the subpoena requests. (*Id.*) Dr. Kedar stated that he wanted to speak to counsel before agreeing. (*Id.*)

On April 16, 2020, Dr. Kedar's counsel called Plaintiffs' counsel, identifying himself as an attorney for Dr. Kedar and his practice, Metrolina. (*Id.* ¶ 8.) He represented that Dr. Kedar had no documents in his possession, custody, or control responsive to the subpoena. (*Id.*) Accordingly, he requested that Plaintiffs issue a new subpoena to Metrolina and agreed to accept service, but demanded that Plaintiffs pay for his legal fees to review at least 1,000 documents in his files "and make a determination if [each one] is responsive to one or more of the numerous documents requests made in your Subpoena." (Ex. A-4, Emails Between Plaintiffs' Counsel and Metrolina Counsel.)

Per its counsel's request, Plaintiffs served a subpoena on Metrolina with requests identical to those in its subpoena issued to Dr. Kedar. (*See* Ex. A-2, Plaintiffs' Subpoena to Metrolina ("Metrolina Subpoena").) Metrolina's counsel demanded that Plaintiffs pay $3,000 before Metrolina would agree to respond to the subpoena. (Ex. A, Ryynanen Decl., ¶ 9.) Plaintiffs' counsel reiterated the offer that Metrolina simply produce the documents that had already been produced to the Government (a category of documents requested in Metrolina Subpoena Request No. 1), which would impose minimal burden and might very well satisfy the subpoena requests in full. (*Id.*) Metrolina rejected the proposal, insisting that its counsel would instead conduct a document review and produce responsive, non-privileged documents, but only after Plaintiffs paid $3,000 in advance legal fees. (*Id.*)

Metrolina thereafter served its objections to the subpoena on May 19, 2020. (*See id.* and Ex. A-3, Metrolina's Objections to Metrolina Subpoena ("Metrolina Objections").) In its written objections, Metrolina admitted that it had "approximately 1,000 pages of documentation which

3

could be responsive" to the Metrolina Subpoena but asserted that its counsel would have to "review them and compare them to the lengthy list of requests" in the Metrolina Subpoena, again, at an expected cost of $3,000. (Ex. A-3, Metrolina Objections.) Metrolina did not address Plaintiffs' offer that Metrolina begin by simply providing Plaintiffs with a copy of documents it had already produced to the Government, or attempt to explain why such re-production would require $3,000 in fees, why those fees should be shifted to Plaintiffs, or why they must be paid in advance.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery demands upon nonparties. Subpoenas issued under this rule may command a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession." Fed. R. Civ. P. 45(a)(1)(A)(iii). The issuing party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* 45(d)(1). If a nonparty objects to the subpoena, the Court may compel it to comply. *Id.* 34(c) & 45(d)(2)(B)(i) (serving party may "move the court for the district where compliance is required for an order compelling production or inspection").

The scope of discovery for subpoenas issued pursuant to Rule 45 "is the same as the scope of discovery allowed under Rule 26." *HDSherer, LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (citing *Cook v. Howard*, 484 Fed. App'x 805, 812 (4th Cir. 2012)); *see also* Fed. R. Civ. P. 26(b)(1) (permitting discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit"). The party objecting to the discovery has the burden to establish that the challenged production should not be permitted. *HDSherer*, 292 F.R.D. at 308.

### III.  ARGUMENT

Metrolina's sole objection to the subpoena—that it will not comply until Plaintiffs advance $3,000 in anticipated legal fees—is not justified. (*See* Ex. A-3, Metrolina Objections, at 1.) Metrolina relies on Rule 45(d)(1), which requires a party that serves a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a Subpoena," which Plaintiffs have done here and will continue to do. In determining whether a subpoena subjects a person to undue burden, courts should consider (1) whether the information sought is likely to have a marginal benefit in litigating the issues; (2) whether the information is available from a party to the litigation or another more logical source; and (3) the cost of compliance. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 193 (4th Cir. 2019).

Plaintiffs have not imposed any undue burden on Metrolina, and their offer to significantly reduce the burden of compliance by proposing an initial re-production of already-produced documents was rejected without explanation. Plaintiffs served Metrolina with a valid subpoena requesting documents that are relevant to their claims against LabCorp. Metrolina does not dispute their relevance but rather admits it has potentially responsive documents in its possession, custody, and control (*see* Ex. A-3, Metrolina Objections, at 1). Nor does Metrolina assert that the records are available from a party to the litigation or any other source.

Moreover, Plaintiffs have sought to reasonably limit Metrolina's burden in responding to the subpoena. Contrary to Metrolina's assertion that it would have to review "approximately 1,000 pages of documentation which could be responsive to [Plaintiffs'] all-encompassing Subpoena" (*see id.*), all Plaintiffs ask at this stage is that Metrolina produce a copy of records that it or Dr.

5

Kedar *already produced* to the Government—a project requiring no document review and minimal administrative cost.[1]

Rather than accept this reasonable accommodation, Metrolina has refused to comply with any part of the subpoena unless and until Plaintiffs pay it $3,000 in preemptive attorney's fees— nearly eight hours of work at its attorney's hourly rate of $385. (*See id.*, at 5.) Metrolina has articulated no reason why it should require eight hours of attorney time to produce a copy of records that have already been produced to the Government. Instead, Metrolina has chosen to object to the subpoena—presumably paying its attorney's hourly rate of $385 to do so—needlessly driving up legal fees. Nor has Metrolina provided a justification for shifting this cost to Plaintiffs, given that they have made reasonable efforts to reduce the burden on Metrolina in responding.

This Court should thus enter an order requiring Metrolina to re-produce to Plaintiffs any documents already produced by it or Dr. Kedar to the Government, as described in Request No. 1 of the Metrolina Subpoena. The Court should further order that if Plaintiffs determine that additional efforts are needed to comply with the subpoena, Metrolina must work with Plaintiffs in good faith to determine the reasonable scope of additional efforts. Plaintiffs respectfully reserve the right to seek additional relief from this Court pursuant to Rule 45, if necessary.

---

[1] To the extent Metrolina wishes to have its attorney review the documents prior to production to serve its own interests, Plaintiffs are not responsible for such costs. *See, e.g.*, *In re Am. Hous. Found*, No. 2:12-cv-00222-J, 2013 Bankr. LEXIS 2268, at *13 (N.D. Tex. June 4, 2013) (holding that the requesting party is not responsible for "services provided by an attorney to a non-party for the non-party's sole benefit and peace of mind"). And even if a non-party's legal fees incurred to conduct a review for privileged communications could be shifted to the party serving the subpoena—an argument that this Court rejected when it ordered that any costs incurred by third party Floyd Calhoun Dent to conduct a privilege review would be his own responsibility— Metrolina has waived any privilege as to the documents it produced to the Government.

## IV.    CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the Court should grant Plaintiffs' Motion to compel and order Metrolina, within ten days of entry of its Order, to (1) re-produce the same documents previously produced to the Government, as described in Request No. 1 of the subpoena, and (2) after Plaintiffs have reviewed such production, cooperate with Plaintiffs to determine a reasonable scope of any additional efforts needed to comply with the subpoena.

Dated: June 9, 2020                              Respectfully submitted,

*/s/ Stacie C. Knight*
Stacie C. Knight
(S.C. Bar No. 77968 & D.C. No. 10411)
**WINSTON & STRAWN LLP**
300 South Tryon Street, 16th Floor
Charlotte, North Carolina 28202
(704) 350-7700
(704) 350-7800 (fax)
sknight@winston.com

Thomas M. Melsheimer (Admitted *Pro Hac Vice*)
Chad B. Walker (Admitted *Pro Hac Vice*)
Katrina G. Eash (Admitted *Pro Hac Vice*)
Bradley D. Ryynanen (Admitted *Pro Hac Vice*)
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)
tmelsheimer@winston.com
cbwalker@winston.com
keash@winston.com
bryynanen@winston.com

Marc S. Raspanti (Admitted *Pro Hac Vice*)
Pamela Coyle Brecht (Admitted *Pro Hac Vice*)
Douglas E. Roberts (Admitted *Pro Hac Vice*)
**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200
Facsimile: (215) 754-5191
MSR@Pietragallo.com
PCB@Pietragallo.com
DER@Pietragallo.com

*Attorneys for Plaintiffs/Relators*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiffs conferred with counsel for Metrolina via email on June 8, 2020 and attempted in good faith to resolve the matter contained in the motion.

/s/ Stacie C. Knight
Stacie C. Knight

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically and will be served on all counsel of record via CM/ECF on June 9, 2020.

/s/ Stacie C. Knight
Stacie C. Knight