# EXHIBIT 4

| | |
|---|---|
| **From:** | Fred Crawford |
| **To:** | Ryynanen, Brad |
| **Subject:** | U.S. ex rel. Lutz et al. v. LabCorp - Subpoena to Raj Kedar, MD |
| **Date:** | Friday, April 17, 2020 2:19:12 PM |
| **Attachments:** | 2020-03-06 Kedar Subpoena + Attachment.pdf |

Brad….this is to confirm our conversation on Thursday in regards to the attached Subpoena to Rajesh Kedar and your request for records referenced in the Subpoena.  As discussed with you, I am the attorney for both Dr. Kedar and Metrolina Medical Associates, PA.

Dr. Kedar has NO records responsive to your Subpoena.  The records you are seeking belong to Metrolina Medical Associates, PA.  (PA).  As such, I have advised that you will need to issue another Subpoena to the PA and I will accept service on the Subpoena on behalf of the PA.

Also, as we discussed, I am concerned about the time and expense associated with complying with your new Subpoena.  I have at least one thousand (1,000) documents, in my PA files, related to the HDL case, that "could be" responsive to your Subpoena.  It will take time to review each document and make a determination if it is responsive to one or more of the numerous document requests made in your Subpoena.

Since my client, the PA, not a party to the Lutz litigation, it should not incur any out of pocket expense (to include legal expenses)  to comply with your Subpoena.  How does your client plan to compensate me and my clients as we attempt to timely comply with your anticipated Subpoena?   I would direct your attention to Rule 45 (d)(1), FRCP which imposes a duty on you and your client " to avoid imposing undue burden or expense on a person subject to the Subpoena." Failure to comply with your duty could result in a Court Order awarding my client attorney's fees and lost earnings.

Hopefully we can reach a mutual agreement, in good faith, to address this important issue.  If not , I would be forced to file an Objection to your Subpoena under Rule 45(d)(2)(B), FRCP, before proceeding.

I hope you have a nice weekend and I look forward to working with you.

Fred

---

**From:** Ryynanen, Brad <BRyynanen@winston.com>
**Sent:** Tuesday, April 7, 2020 12:29 PM
**To:** rage704@hotmail.com <rage704@hotmail.com>
**Cc:** Koehn, Rachel <RKoehn@winston.com>
**Subject:** U.S. ex rel. Lutz et al. v. LabCorp - Subpoena

Dr. Kedar,

Thank you for your time on the phone.  I've attached a copy of the subpoena we discussed.

Thank you for letting me know that you have previously produced documents in connection with the earlier litigation against the principals and in the context of the HDL bankruptcy proceedings.  I think the best way forward at this point is for you to produce those same documents in response to this subpoena.  That would likely cover the vast majority of documents requested in the subpoena and we can then discuss any follow-up that may be necessary.

I understand that you want to discuss this option with your counsel, and I am happy to accommodate that.  Once you have retained counsel, please have them call me if they have any questions.

As I noted on the call, the deadline for responding to the subpoena has already passed, and we have a relatively strict rule from the judge on this case that requires us to file a motion to compel within 21 days of a response or deadline to respond.  However, as long as we are working to resolve any kind of dispute we can extend that deadline for a reasonable period of time.  Accordingly, I will grant an extension of your time to respond to the subpoena to April 17, 2020.

Thanks,
Brad

**Bradley D. Ryynanen**
**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6551

M: +1 972-802-4575

F: +1 214-453-6400

Bio | VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

| | |
|---|---|
| **From:** | Ryynanen, Brad |
| **To:** | Fred Crawford |
| **Cc:** | Koehn, Rachel; Cooper, Chase J. |
| **Subject:** | RE: U.S. ex. rel. Lutz et al. v. LabCorp - Metrolina Medical Subpoena |
| **Date:** | Tuesday, May 12, 2020 4:39:00 PM |

Fred,

I left you a message at 3:30 pm EST today.  Tomorrow is getting covered up for me, but I could do a call on Thursday morning if that works for you?

Thanks,
Brad

**Bradley D. Ryynanen**

**Associate Attorney**

Winston & Strawn LLP

T: +1 214-453-6500

D: +1 214-453-6551

F: +1 214-453-6400

winston.com



**From:** Fred Crawford <FCrawford@RichardsonPlowden.com>
**Sent:** Tuesday, May 12, 2020 1:26 PM
**To:** Ryynanen, Brad <BRyynanen@winston.com>
**Cc:** Koehn, Rachel <RKoehn@winston.com>
**Subject:** RE: U.S. ex. rel. Lutz et al. v. LabCorp - Metrolina Medical Subpoena

I am in the office today until 5:00 EST.  I look forward to your call.  Fred

**From:** Ryynanen, Brad <BRyynanen@winston.com>
**Sent:** Monday, May 11, 2020 12:01 PM
**To:** Fred Crawford <FCrawford@RichardsonPlowden.com>
**Cc:** Koehn, Rachel <RKoehn@winston.com>
**Subject:** RE: U.S. ex. rel. Lutz et al. v. LabCorp - Metrolina Medical Subpoena

Fred,

Thank you for accepting service of the subpoena.

Are you available for a call to discuss the burden and expense issue tomorrow, May 12, either before 11:30 am or after 1 pm Central time?

I look forward to working with you to resolve your concerns.

Thank you,
Brad

**Bradley D. Ryynanen**
**Associate Attorney**
Winston & Strawn LLP
T: +1 214-453-6500
D: +1 214-453-6551
F: +1 214-453-6400
winston.com



**From:** Fred Crawford <FCrawford@RichardsonPlowden.com>
**Sent:** Friday, May 8, 2020 12:37 PM
**To:** Ryynanen, Brad <BRyynanen@winston.com>
**Subject:** FW: U.S. ex. rel. Lutz et al. v. LabCorp - Metrolina Medical Subpoena

Bradley….I am in receipt of your email and the attached Subpoena.  Per our conversation and email exchange on April 16 and 17, I will accept service of the attached Subpoena on behalf of Metrolina Medical Associates, PA (Metrolina).  However, as I advised you April 16 and 17, my client should not have to incur any legal expenses in responding to your complex and comprehensive Subpoena (9 pages).  As such, per FRCP 45(d) (1) I am requesting that your Law Firm agree to pay all legal expenses incurred by my client in the review of and in responding to the Subpoenas issued to both Metrolina and Rajesh Kadar, MD.

My hourly rate is $385.00.  I anticipate the legal fees associated with the retrieval, review and duplication of my client's responsive documents (which may exceed 1,000 pages) will not exceed $3,000.  Please remit payment via check to Richardson Plowden & Robinson, PA.  Upon receipt we will produce the records in our possession.  If our proposal is not acceptable, I will file an Objection to your Subpoena under FRCP 45(d) (2) (B).

I look forward to working cooperatively with you.

Fred

**From:** Ryynanen, Brad <BRyynanen@winston.com>
**Sent:** Thursday, May 7, 2020 3:52 PM
**To:** Fred Crawford <FCrawford@RichardsonPlowden.com>
**Cc:** Koehn, Rachel <RKoehn@winston.com>
**Subject:** U.S. ex. rel. Lutz et al. v. LabCorp - Metrolina Medical Subpoena

Fred,

Per our prior discussions and email correspondence, I represent Relators in a qui tam action against LabCorp. We previously issued a subpoena to Dr. Rajesh Kedar and you informed us that Dr. Kedar has no records responsive to the subpoena in his possession, custody, or control.  Instead, any such documents would be in the possession of Metrolina Medical Associates, PA ("Metrolina").

Accordingly, we have reissued a subpoena covering the same categories of documents to Metrolina, attached here.  I understand that you have agreed to accept service of the subpoena.  Please let us know if I have misunderstood your agreement to except service.

We also discussed the burden of complying with the subpoena.  As you are aware, FRCP 45(d)(1) requires a party to avoid imposing "undue burden or expense" on a subpoena target.  I understand that Dr. Kedar and/or Metrolia previously produced documents to the Government in connection with a Civil Investigative Demand or Subpoena.  Accordingly, I believe the best way to avoid undue burden or expense is to begin with a production of those documents that were previously produced to the Government.  That should require minimal expense and may fully satisfy the subpoena without the need to incur any additional burden.

I'm happy to discuss the burden/expense or any other issue related to this subpoena at your convenience.

Thank you,
Brad

**Bradley D. Ryynanen**
**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6551

M: +1 972-802-4575

F: +1 214-453-6400

Bio | VCard | Email | winston.com

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.