# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA et al., EX REL. SCARLETT LUTZ and KAYLA WEBSTER,<br><br>    Plaintiffs/Relators,<br><br>    v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>    Defendant. | C/A No. 9:14-cv-3699-RMG |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY METROLINA MEDICAL ASSOCIATES, PA**

Plaintiffs filed a motion to compel production of documents against third party Metrolina Medical Associates, PA ("Metrolina"), after it failed to respond to Plaintiffs' subpoena or to cooperate with Plaintiffs to minimize the burden and expense of production. The subpoena requests documents evidencing Metrolina's receipt of illegal kickbacks for blood-drawing services that Defendant LabCorp caused to be submitted for payment in violation of the False Claims Act ("FCA"). Metrolina does not deny that it has a set of documents it produced to the Government that are responsive to Plaintiffs' subpoena, but it refuses to re-produce a copy of those documents to Plaintiffs unless Plaintiffs first pay about eight hours' worth of attorney time—a needless expense that Metrolina has never attempted to justify. Plaintiffs now respectfully submit this reply to address two mischaracterizations in Metrolina's Response (Dkt. 132) to Plaintiffs' Motion to Compel (Dkt. 130).

*First*, contrary to Metrolina's assertion, *see* Resp. at 3, the information sought in the subpoena is not available from any party to this litigation. Although the United States is *nominally* the real party in interest in this *qui tam* FCA action, the United States has not intervened and is not a party to this suit. *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 474 F. Supp. 2d 75, 80 n.5 (D.D.C 2007) ("If the United States was treated as a party in all respects for every FCA case in which it has declined to intervene and take control of the litigation, there would be little substance to the declination option provided by the FCA."). Because the United States has not intervened, the only way to obtain documents from the Department of Justice is to follow the burdensome and time-consuming *Touhy*-request process, as set forth in 28 C.F.R. §§ 16.21–16.29.

Nothing in Rule 45 permits a nonparty to avoid its obligations to comply with a subpoena by pointing to another nonparty that *might* also have the requested documents, and Metrolina has not explained why Plaintiffs should be required to look to other nonparties to obtain Metrolina's own records. Indeed, Metrolina is a proper and logical source for the requested documents. The Government viewed Metrolina as sufficiently involved in the scheme at the heart of this FCA action to serve a subpoena and a civil investigative demand upon it in related investigation and litigation matters. *See* Resp. at 3. Metrolina does not deny that it produced documents to the Government; that it has such documents in its possession, custody, and control; or that it could re-produce them to Plaintiffs with minimal expense and effort. The Court should order it to do so.

*Second*, Metrolina falsely asserts that Plaintiffs are seeking to enforce "two (2) complex and onerous Subpoenas," one against Metrolina, and one against one of its doctors, Dr. Kedar. *Id.* As explained in Plaintiffs' Motion to Compel (at 3), Plaintiffs initially served a subpoena on Dr. Kedar, but upon his attorney's representation that Dr. Kedar did not have any responsive

documents, they served a substantively identical subpoena on his practice, Metrolina.[1]  Only Metrolina is subject to this Motion to Compel.  Moreover, Plaintiffs are not asking Metrolina, at least initially, to do anything more than simply turn over to Plaintiffs a set of documents that it already compiled and produced to the Government.  Metrolina has not attempted to explain why it views this request as "complex and onerous"—and it manifestly is not.

Plaintiffs respectfully request that this Court grant the Motion to Compel.

---

[1] Based on counsel's representations, Plaintiffs do not at this time intend to further pursue the subpoena against Dr. Kedar.

Dated: June 30, 2020                                   Respectfully submitted,

                                                                          */s/ Stacie C. Knight*
Stacie C. Knight
(S.C. Bar No. 77968 & D.C. No. 10411)
**WINSTON & STRAWN LLP**
300 South Tryon Street, 16th Floor
Charlotte, North Carolina 28202
(704) 350-7700
(704) 350-7800 (fax)
sknight@winston.com

Thomas M. Melsheimer (Admitted *Pro Hac Vice*)
Chad B. Walker (Admitted *Pro Hac Vice*)
Katrina G. Eash (Admitted *Pro Hac Vice*)
Bradley D. Ryynanen (Admitted *Pro Hac Vice*)
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)
tmelsheimer@winston.com
cbwalker@winston.com
keash@winston.com
bryynanen@winston.com

Marc S. Raspanti (Admitted *Pro Hac Vice*)
Pamela Coyle Brecht (Admitted *Pro Hac Vice*)
Douglas E. Roberts (Admitted *Pro Hac Vice*)
**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200
Facsimile: (215) 754-5191
MSR@Pietragallo.com
PCB@Pietragallo.com
DER@Pietragallo.com

*Attorneys for Plaintiffs/Relators*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically and will be served on all counsel of record via CM/ECF on June 30, 2020.

*/s/ Stacie C. Knight*
Stacie C. Knight