# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: (214) 969-5163
bkcopper@jonesday.com

September 16, 2020

The Honorable Richard M. Gergel
United States District Judge
District of South Carolina
P.O. Box 835
Charleston, SC 29402

Re:   *No. 9:14-cv-3699-RMG, United States ex rel. Lutz v. Laboratory Corporation of America Holdings*

Dear Judge Gergel:

Laboratory Corporation of America Holdings ("LabCorp") writes to inform the Court that it has reached an impasse with Relators Kayla Webster and Scarlett Lutz (collectively, "Relators") regarding an issue that threatens to prevent LabCorp from meeting the Court-ordered deadline for LabCorp's document production. LabCorp is prepared to engage in motion practice but understood from the recent hearing that Your Honor wished to hear from the parties immediately if anything was jeopardizing the parties' ability to advance discovery to depositions. LabCorp outlines below its request for a protective order against Relators' September 9, 2020 demands to vastly expand the scope of LabCorp's document production.

**I.     Background**

    A.     <u>LabCorp Produces Data from 81 Custodians in Response to 138 Document Requests</u>

Relators have served 138 requests for the production of documents on LabCorp, with many including multiple subparts. In response, LabCorp has already produced over 460,000 pages. LabCorp now has over fifty lawyers reviewing over 1.5 million documents collected from 81 custodians identified in collaboration with the government and Relators during the investigation. LabCorp also disclosed to Relators the over 260 search terms that it used to compile documents responsive to Relators' myriad requests.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Judge Gergel
September 16, 2020
Page 2

### B. The Court Orders LabCorp to Complete Its Production by September 30, 2020

During the recent hearing on September 8, 2020, Your Honor emphasized the need to complete document discovery and proceed with depositions.[1] To that end, the Court ordered LabCorp to complete its document production by September 30, 2020,[2] so that depositions could proceed without delay.[3]

### C. Relators Demand that LabCorp Collect ESI from Hundreds of Additional Custodians and Utilize Scores of Additional Search Terms

On September 9, 2020, Relators sent LabCorp a letter demanding that it collect and produce documents from numerous additional custodians and to run scores of additional search terms. The individuals Relators requested included LabCorp's previous general counsel and its current general counsel, despite the fact that their documents almost certainly would be privileged.

In response, LabCorp agreed to perform all but three of the additional searches that Relators' requested. LabCorp also agreed that it could incorporate one additional custodian that could be pulled quickly into the group of documents it was reviewing and still likely meet the September 30th deadline set by the Court. LabCorp indicated it was not technologically feasible, however, to add the remaining requested custodians and still meet the Court's September 30, 2020 deadline. Unfortunately, although Relators withdrew their request for several hundred custodians, they have refused to agree to withdraw their demand for LabCorp to search the custodial files of 13 remaining general custodians, which include LabCorp's former General Counsel and other legal and compliance personnel.

LabCorp understood the Court at the recent hearing to indicate that the time to end the discovery madness is now. LabCorp asks Your Honor's aid implementing that directive.

---

[1] See Dkt. 161 at 15 ("I've just got to put a fire under everybody, because we'll never finish otherwise.").

[2] *See id.* at 35 (warning the parties that the Court was unwilling to "to do anything to disrupt that" September 30, 2020 production deadline).

[3] *See id.* at 9 ("For the defendant, you're going to have until September 30 to produce those documents, not October 9. I'm sorry. That's it."), 9–10 ("You're going to start depositions on October 19th on those documents, and if anybody doesn't meet those deadlines, I want to know immediately[.]").

JONES DAY

The Honorable Judge Gergel
September 16, 2020
Page 3

## II. Argument

### A. Relators' Demand to Add Fourteen Custodians Contravenes the Court's Order

It is not possible for LabCorp both to (1) comply with the Court's order to complete its production by September 30, 2020, and (2) accommodate Relators' request to collect, process, and review the full custodial files of 13 individuals. The logistics involved with collecting and preserving data in a responsible manner takes weeks, not hours or days. And as the Court knows, even after the raw data is collected, it must be processed and filtered before it is ready for the weeks' or months'—depending on volume—process of responsiveness and privilege review before it can be finalized for production.

To be clear, it is not that LabCorp is unwilling to consider a request to supplement its list of custodians when given adequate lead time and reasonable explanations regarding need and relevancy: LabCorp added a new custodian, Eric Lindblom, in response to Relators' Second Requests for Production, and is reviewing his custodial files as part of its ongoing review towards the September 30, 2020 deadline. The issue is that, as of September 9, 2020 when Relators demanded that LabCorp add the 13 additional custodians, it was not technologically feasible—regardless of the money, man hours, or other resources that LabCorp dedicated to the necessary tasks—to add new custodians and also comply with the Court's deadline.

### B. Relators' Demand to Add Fourteen Custodians is Disproportional to the Needs of the Case

Taking into account the massive ESI productions that LabCorp has already made, along with the additional, voluminous material that LabCorp expects to produce in response to Relators' 138 document requests by September 30, 2020, Relators' demand for an additional 13 ESI custodians at the eleventh hour is disproportional to the needs of the case. The following considerations should inform the Court's analysis:

- LabCorp has collected approximately 1.8 terabytes of ESI from over 80 custodians that were identified in collaboration with the government and Relators;

- LabCorp has already produced over 460,000 pages of material to Relators;

- On January 22, 2020, LabCorp formally identified the 81 custodians that it was using to compile its document productions. Relators have known and understood the roles of the 13 individuals for years, there is no excuse for their delay in asking to add these custodians;

- Adding these custodians would multiply the expense and time of compliance;

JONES DAY

The Honorable Judge Gergel
September 16, 2020
Page 4

- In its expanded searches since June 6, 2020, LabCorp has applied over 300 search terms, after accepting the additional terms that Relator's recently proposed;

- LabCorp has a team of over fifty lawyers reviewing documents full-time right now to work through the over 1.5 million documents that hit on LabCorp's and Relators' search terms, and anticipates producing hundreds of thousands of additional documents in the next two weeks;

- LabCorp has determined that the 13 individuals that Relators demand as new custodians would be "duplicate custodians" of approximately 20,000 documents that have already been produced to Relators, as well as over 190,000 additional documents that are currently being reviewed for production after application of LabCorp's and Relators' search terms;

- When asked why Relators believed that they needed the custodial files of the 13 additional individuals, Relators would say nothing more than that these individuals were "important to Plaintiffs' case," but there is no reason to believe that any of these custodians have special insight regarding disputed issues;

- LabCorp has already expended millions of dollars and countless man hours—from outside counsel, in-house counsel, business personnel, compliance officers, phlebotomy staff, etc.—complying with discovery requests in this case; and

- The costs and burdens of discovery have been tremendously lopsided.

Taking these factors in addition to the on-the-ground realities of this case into account, Relators' request for 13 additional custodians is disproportional to the needs of the case.

\* \* \* \* \*

Although LabCorp would be pleased to file a motion for protective order if the Court prefers, it wished to raise this issue with the Court right away, given the Court's understandable desire for the parties to move beyond document discovery and onto depositions. The parties are meeting and conferring regarding a number of other issues, but those are not yet ripe for the Court's consideration.

JONES DAY

The Honorable Judge Gergel
September 16, 2020
Page 5

                                        Respectfully submitted,

                                        */s/ James Werner*

                                        James Werner

                                        */s/ B. Kurt Copper*

                                        B. Kurt Copper

cc:      Counsel of Record