# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| United States of America *et al*, *ex rel.* Scarlett Lutz and Kayla Webster, <br><br> Plaintiffs, <br><br> vs. <br><br> Laboratory Corporation of America Holdings, <br><br> Defendant. | C.A. No. 9:14-3699-RMG <br><br><br><br><br><br> **ORDER** |

The Court conducted its monthly status conference in this matter on December 7, 2020 and now enters this written order memorializing various rulings and instructions provided during the status conference:

1. In regard to Plaintiffs' motion to compel (Dkt. No. 195), Defendant is directed to provide to the Court via email on or before noon on December 11, 2020 for *in camera* inspection all documents listed in Categories 1 and 2 in Dkt. No. 203-2 at 2-4.

2. Defendant has indicated a willingness to provide a stipulation of certain facts concerning corporate knowledge regarding HDL's processing fees that may reduce or eliminate the need to disclose certain documents referenced in Paragraph 1 above, over which Defendant has asserted attorney-client privilege.[1] The stipulation may include the date on which Defendant admits it first had knowledge that HDL's processing fee practices might constitute unlawful kickbacks or otherwise might be unlawful under federal law. The submission of a possible

---

[1] The Court has reserved its decision on the Plaintiffs' motion to compel (Dkt. No. 195) until after conducting an *in camera* inspection of the documents.

stipulation by Defendant is entirely voluntary and must be submitted via email on or before noon on December 11, 2020.

3.   Plaintiffs have written the Court concerning the Defendant's decision to "claw back" a July 2014 email from former CEO David King to outside counsel. (Dkt. No. 213). Defendant has filed a letter in response. (Dkt. No. 215). Defendant has agreed to provide the Court via email, by noon on December 11, 2020, a copy of the redacted and unredacted communication for *in camera* inspection. Further, the Court instructs the Clerk to administratively relabel Dkt. No. 213 as a motion to compel and Dkt. No. 215 as a response in opposition to that motion to compel.[2]

4.   At the parties' joint request, the Court has agreed that some extension of the scheduling order will be necessary. The Court advised the parties that the trial date would be moved to on or after May 1, 2021 (from on or after March 1, 2021) and that parties should confer and propose a revised scheduling order within those parameters. The parties are instructed to submit to the Court, via a motion for amended scheduling order, a joint proposed revised scheduling order on or before noon on December 11, 2020 or, if agreement cannot be reached, separate proposed scheduling orders.

5.   Plaintiffs raised with the Court their concern that certain witnesses had made substantive changes in their depositions through errata sheet corrections. Plaintiffs requested leave to re-depose those witnesses to determine if they had spoken to anyone after their depositions and before making the errata sheet corrections. Defendant indicated a desire to have the parties confer on this issue before it was addressed by the Court. The parties are instructed to

---

[2] The parties are instructed that in the future, when seeking specific action by the Court, that they submit that request in the form of a motion. It is otherwise very difficult for the Court to track and promptly respond to such issues.

confer promptly on this issue.  If the matter is not resolved, Plaintiffs are directed to file a motion on or before December 14, 2020 and Defendant is directed to file a response on or before December 17, 2020.

6.	The parties advised the Court that they are still attempting to identify an appropriate and available mediator.   The parties are reminded that retired South Carolina Chief Justice Jean H. Toal served as a mediator in attempting to reach a multi-party settlement in the Government's related false claims case involving HDL and other defendants.  Although a settlement agreement was not achieved, Chief Justice Toal acquired a great deal of knowledge about these issues in the course of that protracted mediation.  The parties must ultimately select a mediator with which they are comfortable, but may wish to consider Chief Justice Toal as a possible option.

7.	The Court's next monthly status conference is set for 10:00 a.m. on January 8, 2021.  Subsequent monthly status conferences will be conducted on February 12, 2021 at 10 AM; March 12, 2021 at 10 AM; and April 9, 2021 at 10 AM.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Court

Charleston, South Carolina
December 8, 2020