#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA
#### BEAUFORT DIVISION

| | |
|---|---|
| United States of America, *et al.*, *ex rel.* Scarlett Lutz and Kayla Webster, <br><br> Plaintiffs/Relators, <br><br> v. <br><br> Laboratory Corporation of America Holdings, <br><br> Defendant. | C/A No. 9:14-3699-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is Relators' motion to strike Laboratory Corporation of America Holdings' ("LabCorp") errata of Tiana Ayotte's deposition testimony. (Dkt. No. 333.) LabCorp responded in opposition and Relators replied. (Dkt. Nos. 345, 356.) For the reasons set forth below, Relators' motion is granted.

### I.     Background

This is a *qui tam* action in which the United States of America declined to intervene. Relators allege that LabCorp violated the False Claims Act and Anti-Kickback Statute by submitting false claims to Government healthcare programs relating to blood draw services for tests referred by physicians to third-parties Health Diagnostic Laboratory ("HDL") and Singulex, Inc., which LabCorp knew were paying illegal inducements to the referring physicians. (Dkt. No. 50.)

### II.    Legal Standard

Rule 30 of the Federal Rules of Civil Procedure governs oral depositions and provides that "the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording; and if there are changes

in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1).

"There are two basic approaches reflected in the decisional law." *Gilliam v. Valmont-Columbia Galvanizing, Inc.*, No. 3:13-1575-CMC, 2015 WL 4429350, at *2 (D.S.C. July 20, 2015). The first line of authority interprets Rule 30(e) broadly, to allow the deponent to make any changes as long as the changes strictly conform to the procedural requirements of the Rule. Under this approach, if the procedural requirements of the Rule are met, any substantive change will be deemed permissible, even if it creates inconsistencies or directly contradict prior testimony. In these instances, changes are not limited to transcription errors; however, both versions of the testimony remain in evidence and the court may also order the deposition reopened to allow further examination about the alterations. *See e.g.*, *Podell v. Citicorp Diners Club*, 112 F.3d 98, 103 (2d Cir. 1997); *Gilliam*, 2015 WL 4429350, at *2; *Foutz v. Town of Vinton, Virginia*, 211 F.R.D. 293, 295 (W.D. Va. 2002).

The second line of authority interprets Rule 30(e) strictly, allowing only the correction of demonstrated errors made by the court reporter, whether in form or in substance. *See, e.g.*, *Garcia Pueblo Cntry. Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("We are dismayed with PCC's reliance upon errata from deposition testimony where that errata strayed substantively from the original testimony."); *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) (suppressing deponent's attempt to rewrite material answers given in deposition); *S.E.C. v. Parkersburg Wireless, L.L.C.*, 156 F.R.D. 529, 535 (D.D.C. 1994) (noting modern trend in which courts do not allow a party "to make any substantive change she so desires" to her deposition testimony); *Rios v. Bigler*, 847 F.Supp. 1538, 1546-47 (D. Kan. 1994) (stating the court will consider only those changes that clarify, rather than materially alter, the deposition testimony).

Under this interpretation, courts "do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony." *Garcia*, 299 F.3d at 1242 n.5. That is because a "'deposition is not a take home examination.'" *Sinclair Wyoming Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 784 n.32 (10th Cir. 2012) (quoting *Greenway*, 144 F.R.D. at 325). Instead:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan an artful response. Depositions differ from interrogatories in that regard.

*Id*.

There is no controlling authority from the Court of Appeals for the Fourth Circuit. Several district courts in the Fourth Circuit take the position that the "purpose of an errata sheet is to correct alleged inaccuracies in what the deponent said at his deposition, not to modify what he wishes that he had said." *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 465 (E.D.Va. 2011); *but see, e.g.*, *Columbia Gas Transmision, LLC v. Haas*, No. TDC-17-1147, 2018 WL 10798530, at *3 (D. Md. Mar. 16, 2018) (finding an errata sheet is "not at odds [with] the intent of the rules"); *Harmon v. United States*, No. PX-15-2611, 2017 WL 4098742, at *5 n.4 (D. Md. Sept. 15, 2017) (noting that record on cross-motions for partial summary judgment reflected deponent "clarified on her errata sheet: 'I misunderstood the question . . .'"). These courts find that transcriptional or typographical errors are the only types of corrections permitted under Rule 30(e), foreclosing substantive changes to what was said in a deposition unless it is shown to be necessary to correct a court reporter's error. *See, e.g.*, *Ashmore for Wilson v. Sullivan*, No. 8:15-

cv-0563-JMC, 2018 WL 507792, at *2 (D.S.C. Jan. 23, 2018) ("The Court will not allow the requested substantive changes to be made because they are purported to be based on unfavorable deposition testimony."); *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 277 F.R.D. 286, 297 (E.D.Va. 2011) (noting that "the errata process . . . [cannot] be used to allow post-deposition revision of testimony to conform a witness' testimony to enhance a party's case"); *Lee v. Zom Clarendon, L.P.*, 689 F. Supp. 2d 814, 819 (E.D. Va. 2010) ("Altering deposition testimony in this manner is not a permissible use of errata sheets."); *Wyeth v. Lupin Ltd.*, 252 F.R.D. 295, 296-97 (D.Md. 2008) (noting that because "a deposition is not a take home exam" the deponent "cannot change testimony in a material way, simply because on review, it does not like the answer as given"); *Barlow v. Esselte Pendaflex Corp. Meto Div.*, 111 F.R.D. 404, 406 (M.D.N.C. 1986) (finding it "at variance with the letter and spirit of Rule 30(e)" when "changing 'yes' to 'no' and vice versa, etc."). Indeed, courts inside and outside the Fourth Circuit take this position because "the purpose of a deposition is to memorialize testimony . . . before the recollection of events fade or it has been altered by . . . helpful suggestions of lawyers." *Kolon Indus.*, 277 F.R.D. at 297 (quoting *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)).

**III.     Discussion**

This dispute arises from Relators' deposition of Tiana Ayotte, LabCorp's vice president and assistant general counsel in corporate compliance and regulatory affairs from 2010 to 2015. Following Ayotte's deposition in November 2020, LabCorp notified Relators that it intended to file a motion for a protective order if Relators did not withdraw certain questions purported to solicit attorney-client privileged information. LabCorp ultimately did not file that motion, which constituted a waiver of the objection. Local Rule D.S.C. 30.03(C). Instead, LabCorp provided an errata that Relators here argue impermissibly materially alters the substance of Ayotte's testimony.

Relators make much argument out of their suspicion that LabCorp is seeking to materially alter Ayotte's testimony via errata because it abandoned its prior effort to cloak her testimony in attorney-client privilege. LabCorp, similarly, focuses on whether and when Ayotte realized she purportedly misunderstood the questioning. There is no subjective element to the Rule 30(e) analysis, although courts in the Fourth Circuit have considered whether "the manner [ ] of changes discloses a lack of good faith." *Barlow*, 111 F.R.D. at 406. Instead, and without explicit guidance from the Fourth Circuit, the Court's task is to determine, from the face of the errata, whether the changes are transcriptional and typographical or substantive. The Court finds the change are clearly substantive and, therefore, prohibited under the interpretation of Rule 30(e) widely followed in this Circuit.

Ayotte's deposition testimony, with the errata changes delineated in bold, are as follows:

| | |
|---|---|
| Counsel for Relators: | Set aside the e-mail string. I'm asking you does the fact that LabCorp knew physicians ordering the HDL test were being paid every time they order the test change your analysis as to whether it was a, quote, unquote, courtesy drawing? |
| Counsel for LabCorp: | Will object to the form and the same instruction as before, to the extent you can answer without divulging legal advice or attorney/client communications, I will allow you to answer the question.[1] |
| Ayotte: | Yes. **[No.]** |
| Counsel for Relators: | It does? |
| Ayotte: | Yes. **[No.]** |
| Counsel for LabCorp: | Same instruction as before. You may answer the question only insofar as you do not divulge any of the legal advice you may have provided to anyone at LabCorp or the communications that anyone had |

---

[1] Speaking objections are prohibited in this District. Local Rule 30.03(D) D.S.C.

|  |  |
|---|---|
|  | with you at LabCorp, but if you can answer as you sit here today without divulging any of those attorney/client communications, you may answer the question. |
| Ayotte: | Upon advice of counsel, I cannot answer that question as it calls for attorney/client privilege information. **[It would still be a courtesy draw because it still would be for the courtesy of the patient, regardless of whether the doctor afterwards gets paid.]** |

(Dkt. No. 333 at 7-8.)

There is, perhaps, no starker an example of changing testimony in a material way "because, on review, [the deponent] does not like the answer as given" than turning "Yes" into "No." *Wyeth v. Lupin Ltd.*, 252 F.R.D. at 296-97. LabCorp responds that Ayotte misunderstood Relators' counsel to be asking if the payments changed "LabCorp's practices" rather than "your analysis," as evidenced by her seeking to also revise the follow-up explanatory answer. (Dkt. No. 345 at 2, 6.) LabCorp seeks the broader interpretation of Rule 30(e), as has in one particular instance been applied by the District Court for the District of South Carolina in *Gilliam v. Valmont-Columbia Galvanizing, Inc.* In that case, the defendant sought to change a "No" answer on the basis that it was "misleading based on his subsequent deposition testimony and the case evidence." 2015 WL 4429350, at *4. Because such subsequent contradictory testimony existed in that case, the *Gilliam* court "assume[d] for purposes of this matter that a broader reading of the Rule is appropriate," but guarded the broadside by also holding that "both the original testimony and the errata sheet shall remain in the record, thus subjecting both the testimony and errata sheet to evaluation either at summary judgment or at trial with respect to the contradictory testimony." *Id*. LabCorp contends that, at Ayotte's second deposition, Relators represented they would, but never did, question her about the reason for the errata; instead, Relators questioned her on the

timeline and process of the errata. LabCorp appears to ask the Court to infer from this that there is no subsequent contradictory testimony because, even though she sat for the deposition, she was never squarely asked the question or was only inartfully asked corollary questions. (Dkt. No. 345-3 at 10-11.)  The Court declines to extend the *Gilliam* court's reading of Rule 30(e) even further to hold that the absence of intended-but-not-given subsequent contradictory testimony warrants keeping both the testimony and errata in the record.  Instead, for purposes of this matter, the Court applies the interpretation of Rule 30(e) largely embraced by courts within the Fourth Circuit. *See Sinclair Wyoming Refining Co.*, 989 F.3d at (inquiring whether errata's changes "raise concern that the witness is trying to create a sham issue of fact").

### IV.     Conclusion

For the foregoing reasons, Relators' motion to strike LabCorp's errata of Tiana Ayotte's deposition testimony (Dkt. No. 333) is **GRANTED**.

**AND IT IS SO ORDERED.**


                                               s/ Richard Mark Gergel
                                               Richard Mark Gergel
                                               United States District Judge

June 7, 2021
Charleston, South Carolina